# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title:** | Thomas Orlando Ferry and Aimee Michelle Ferry | **Case No:** | 13–90160 – D – 13G |
| | | **Date:** | 4/16/13 |
| | | **Time:** | 10:00 |
| **Matter:** | [15] – Objection to Confirmation of Plan by Russell D. Greer [RDG–1] Filed by Trustee Russell D. Greer (msam) | | UNOPPOSED |
| **Judge:** | Robert S. Bardwil | | |
| **Courtroom Deputy:** | Melinda Strandwold | | |
| **Reporter:** | Diamond Reporters | | |
| **Department:** | D | | |

**APPEARANCES for:**
**Movant(s):**
  Lorraine Crozier (for the Trustee)
**Respondent(s):**
  Debtor(s) Attorney – Tamie L. Cummins

HEARING CONTINUED TO: 5/28/13 at 10:00 AM Request of Parties

The hearing was continued for the following reason(s):
Debtors' supplemental evidence shall be filed and served by May 14, 2013. Any response by the Trustee shall be filed and served by May 21, 2013.

Tentative ruling:

This is the trustee's objection to confirmation of the debtors' proposed chapter 13 plan. The trustee contends the plan is not proposed in good faith, based on the fact that the debtors received a total of $17,399 in federal tax refunds for 2011, and have not changed their withholdings. Thus, it appears they are overwithholding by $1,450 per month ($17,399 12 months), and are not paying all available income into the plan. The debtors have filed a response stating that for the tax year 2012, they owe the IRS $5,426 and will receive a refund from the Franchise Tax Board of $196; that their tax deductions are based on a status of married with two exemptions for federal and married with zero exemptions for state; and that any changes to their withholdings will cause them to go into further debt with the IRS and the Franchise Tax Board.

This response is unsupported by any evidence, and is too vague and conclusory to satisfactorily address the issue raised by the trustee. A careful examination of the debtors' schedules reveals that the debtors' circumstances changed between 2011 and 2012 debtor Aimee Ferry was employed in 2011, but not in 2012. However, the court cannot determine from that information alone that, whereas the debtors were apparently overwithholding in 2011, they are no longer doing so. The trustee and the court should not have to ferret out or guess at why the debtors received such significant refunds in 2011, but ended up owing taxes for 2012 and will not receive significant refunds on a go–forward basis. This issue needs to be thoroughly explained, in the form of admissible evidence, and the evidence needs to be sufficient to allow the trustee and the court to conclude that the debtors are in fact not overwithholding.

For the reasons stated, the objection will be sustained. The court will hear the matter.